IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| JOSEPH HARMON, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: _____ |
| BANKUNITED FSB | : |
| Defendant. | : |

## NOTICE OF REMOVAL

Defendant BankUnited FSB ("BankUnited"), by its undersigned counsel, pursuant to 28 U.S.C. § 1446, files this Notice of Removal of the proceedings captioned <u>Joseph Harmon v. BankUnited FSB</u>, Case No. 06-C-08-51995, pending in the Circuit Court for Carroll County, Maryland (the "State Court Action"), and states:

1. On or about November 3, 2008, Plaintiff Joseph Harmon filed a purported class action complaint against BankUnited in the Circuit Court for Carroll County, Maryland ("Complaint"). The Complaint alleges that BankUnited engaged in unfair or deceptive trade practices in violation of the Maryland Consumer Protection Act, § 13-301 *et seq.*

2. This Notice of Removal has been timely filed. BankUnited was served with the Complaint on November 24, 2008, and therefore, this Notice of Removal was filed within 30 days of service. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon BankUnited are attached hereto as ***Exhibit A.***

3. By filing this Notice of Removal, BankUnited does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other defenses.

4.  The Complaint alleges that Plaintiff was harmed because the terms of the loan he entered into with BankUnited to refinance his home loan were different from the terms that he had originally been quoted by Smart Money, an alleged agent of BankUnited. As a result of the alleged change in the terms of the loan, according to the exhibits attached to the Complaint, Plaintiff's finance charge over the life of his loan increased from $90,657.52 to $926,716.47. Accordingly, although BankUnited denies the allegations in the Complaint, on the face of the Complaint the amount in controversy is approximately $836,000 in damages. See Exhibit 2 and Exhibit 4 to the Complaint, attached hereto as ***Exhibit A.***

### Grounds for Removal

5.  Under § 1441(a), any civil action may be removed from a state court where the federal court would have original jurisdiction. This case is properly removed pursuant to 28 U.S.C. § 1332(a) and/or pursuant to 28 U.S.C. § 1332(d).

6.  First, this case is properly removed as a diversity action pursuant to 28 U.S.C. § 1332(a):

(a)  This Court has original jurisdiction over this dispute based upon diversity of citizenship under 28 U.S.C. § 1332(a), which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the . . . value of $75,000" and is between "citizens of different States";

(b)  The Plaintiff's alleged damages are approximately $836,000, and, therefore, the amount in controversy exceeds the $75,000 requirement of § 1332(a). As the lead plaintiff's alleged damages exceed the $75,000 requirement, this court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of all of the other members in the purported class action. See Exxon Mobil Corp. v. Allapattah Serv., Inc., 125

S.Ct. 2611, 2615 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy...."); Williams v. Potomac Elec. Power Co., 115 F. Supp. 2d 561, 567-68 (D. Md. 2000) (holding that when the lead plaintiff meets the amount in controversy requirement, the Court can exercise supplemental jurisdiction over the rest of the class members, even if the amount in controversy with respect to the unnamed plaintiffs is unclear);

(c)   Plaintiff and all purported members of the proposed class are Maryland residents. See Complaint at ¶¶ 2, 34;

(d)   The Defendant is a corporation organized under the laws of Florida, with its principal place of business at 255 Alhambra Circle, Coral Gables, Florida 33134. Defendant is therefore a citizen of Florida under § 1332(c)(1). See Affidavit of Eric Darmanin at ¶ 3, attached hereto as *Exhibit B*; and

(e)   Based upon the complete diversity between the Plaintiff and the Defendant and the fact that the amount in controversy exceeds $75,000, this Court has jurisdiction over this controversy under 28 U.S.C. § 1332(a) and removal is appropriate under 28 U.S.C. § 1441.

7.   In the alternative, this case is properly removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Class Action Fairness Act gives federal district courts jurisdiction over class actions where (i) there is minimal diversity, (ii) the proposed class contains at least 100 members, and (iii) the amount in controversy is at least $5 million in the aggregate:

(a)   As established above, the parties are diverse, and therefore, meet the requirement of 28 U.S.C. § 1332(d)(2)(A);

(b) The purported class has at least 100 members in it as required by 28 U.S.C. § 1332(d)(5)(B). See Affidavit of Eric Darmanin at ¶ 4, stating that at least 381 Maryland residents have entered into loans on a variable rate basis with BankUnited since November 3, 2005 for the refinance or purchase of a primary dwelling;

(c) Plaintiff alleges in ¶ c of the "Relief Requested" portion of the Complaint that the "Plaintiff and each Class Member" are entitled to "not less than $30,000" in damages. See Complaint at p. 9. As there could be at least 381 class members, the aggregate value of all alleged claims of the individual class members totals $11,430,000, which exceeds $5,000,000, exclusive of interest and costs; and

(d) Based upon the complete diversity between the Plaintiff and the Defendant, the fact that there are more than 100 purported members in the proposed class and the fact that their alleged damages exceed $5,000,000, this Court has jurisdiction over this controversy under 28 U.S.C. § 1332(d) and removal is appropriate under 28 U.S.C. § 1441.

8. Defendant will give written notice of the filing of this Notice to the clerk of the Circuit Court for Carroll County as required by 28 U.S.C. § 1446(d).

9. The facts stated herein were true both at the time the Complaint was filed and as of the filing of this Notice of Removal.

WHEREFORE, Defendant BankUnited FSB respectfully requests that this action proceed in the United States District Court for the District of Maryland (Northern Division) as an action properly removed to it.

Respectfully submitted,

*/s/ Heather Mitchell*

James A. Dunbar
  Federal Bar No.: 007392
  jadunbar@venable.com
Daniel P. Moylan
  Federal Bar No.: 024719
  dpmoylan@venable.com
Heather L. Mitchell
  Federal Bar No.: 027169
  hlmitchell@venable.com
Matthew R. Alsip
  Federal Bar No.: 028002
  mralsip@venable.com
Venable LLP
210 Allegheny Avenue
Towson, Maryland 21204
Telephone: (410) 494-6294
Facsimile: (410) 821-0147

*Counsel to Defendant BankUnited FSB*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of December 2008, a copy of the foregoing Notice of Removal was sent via first-class mail, postage prepaid, to:

> Scott C. Borison, Esquire
> Legg Law Firm, LLC
> 5500 Buckeystown Pike
> Frederick, Maryland 21703

*Attorney for Plaintiff*

*/s/ Heather Mitchell*
Heather L. Mitchell

TO1DOCS1/hlm02/#266078 v5